UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANSFORD GEORGE PERRY, § | | |
| #A 045 438 905, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 4:19-1302 | |
| § | | |
| WILLIAM BARR, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ransford George Perry, an immigrant detainee at the Montgomery Processing Center in Conroe, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 5). Respondent William Barr has filed a motion to dismiss or, alternatively, for summary judgment (Dkt. 14). Petitioner has filed multiple responsive documents (Dkt. 21, Dkt. 23, Dkt. 29, Dkt. 30, Dkt. 32). Petitioner also has filed a motion for immediate release (Dkt. 12) and a motion to dismiss Respondent's answer (Dkt. 26). The motions are ripe for decision. Having considered the pleadings, the motions and responsive pleadings, the applicable authorities, and all matters of record, the Court determines that Respondent's motion should be **granted** and that Perry's challenge to his detention should be **dismissed** for lack of subject matter jurisdiction. Perry's claims of inadequate medical care during his detention will be **dismissed** for failure to state a claim upon which relief can be granted, and his other motions will be **denied**. The Court explains its reasons below.

## I. BACKGROUND

Petitioner is a Jamaican national who entered the United States legally in 1996 (Dkt. 5, at 22).[1] In 2007, he was convicted in New York of endangering the welfare of a child (Dkt. 5, at 22; Dkt. 14-2, at 1-4; Dkt. 18). In 2017, Perry was charged again in New York with forcible touching and endangering the welfare of a child (Dkt. 14-1). Respondent's briefing states that the case against Petitioner is still pending (Dkt. 14, at 2).

On November 14, 2018, immigration authorities arrested Perry. The United States Department of Homeland Security initiated removal proceedings against him, charging that he is removable based on his domestic violence conviction under Section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i). *See* Dkt. 5, at 22; Dkt. 14-2; Dkt. 18.[2] An immigration judge denied bond (Dkt. 18). Perry was detained in the Bergen County Jail in New Jersey and, on February 19, 2019, was transferred to the Montgomery Processing Center in Conroe, Texas (*id.*).

An immigration judge held an initial hearing on August 22, 2019, and a merits hearing on October 4, 2019 (*id.*). Respondent represents in a recent filing that, at the October 4 hearing, the immigration judge denied Petitioner's claim and ordered him

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

[2] *See* 8 U.S.C. § 1227(a)(2)(E)(i) ("[a]ny alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable . . . ").

removed, and that Petitioner has reserved appeal of the decision (Dkt. 27, at 2). *See* Dkt. 29, at 12 (filing receipt for appeal dated Oct. 10, 2019).

Perry's petition challenges his detention and seeks immediate release from custody (Dkt. 5, at 11). He invokes double jeopardy protection and the statute of limitations. He also alleges that he has been detained over six months and seeks release under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Perry additionally claims that he has been denied adequate medical treatment while in custody of Immigration and Customs Enforcement ("ICE") in connection with a motor vehicle accident and a heart attack. First, his amended petition appears to claim that he was injured in an ICE van in New York and was sent by ICE officials to see to "their orthopaedic surgeon" (Dkt. 5, at 11). He alleges that the surgeon "verbally and in his report stated that Petitioner should continue treatment in Albany, NY," where he had been treated before his detention (*id.*). He claims in an attached statement that he requested release on humanitarian grounds so that he could be treated in Albany, but that Michael Hemsley, M.D., medical director at the Bergen County Jail, "refused" (*id.* at 74). According to Perry, Dr. Hemsley explained that a release for medical treatment was unnecessary because Perry needed only painkillers and exercise and Dr. Hemsley could provide the necessary treatment (*id.*). Perry also submits a letter from Dr. Hemsley to immigration officials detailing Perry's multiple medical appointments during his detention, including one hospital stay and one visit with an orthopedic specialist (*id.* at 67-71; *see generally id.* at 60-79).

Second, Perry claims that he suffered a heart attack in ICE custody on January 8, 2019 and was denied a follow-up consultation with a cardiologist (*id*. at 12). He submits sick-call slips from December 2018 reflecting his complaints regarding breathing problems, which he says resulted only in treatment for asthma (*id.* at 82-84). He also submits medical records from his hospitalization at Hackensack University Medical Center, where he states that was taken by ambulance and examined by multiple cardiologists (*id*. at 80-96).

## II. <u>LEGAL STANDARDS</u>

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

### B. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss for failure to state a claim upon which relief can be granted. When considering a motion

under Rule 12(b)(6), the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted). The court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004))).

### C. *Pro se* Pleadings

In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the

elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. ANALYSIS

### A. Subject Matter Jurisdiction and Exhaustion of Remedies

Perry seeks habeas relief from the removal proceedings against him. This Court lacks jurisdiction over Perry's petition because a habeas corpus petition under 28 U.S.C. § 2241 is not available to challenge an order of removal. Rather, after a deportation or removal hearing before an immigration judge, a litigant may appeal an adverse decision to the Board of Immigration Appeals ("BIA"), which renders the final agency decision. Federal court review of the BIA decision is governed by the REAL ID Act of 2005, which provides that the "sole and exclusive means for judicial review of an order of removal" lies with the appropriate court of appeals, rather than a district court:

> Notwithstanding any other provision of law (statutory or nonstatutory), ***including section 2241 of Title 28, or any other habeas corpus provision***, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section ***shall be the sole and exclusive means for judicial review of an order of removal*** entered or issued under any provision of this chapter, except as provided in [§1252(e)].

8 U.S.C. § 1252(a)(5) (emphasis added). This provision in the REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration & Customs Enforcement,* 426 F.3d 733, 735-36 (5th Cir. 2005)). This Court therefore lacks subject matter jurisdiction over Perry's habeas petition

Moreover, any petition for review by Perry to the Court of Appeals for the Fifth Circuit would be premature at this juncture because the BIA has not yet rendered a final decision. Federal statute bars review of unexhausted claims. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); *Ramos-Torres v. Holder*, 637 F.3d 544, 547 (5th Cir. 2011) (dismissing for lack of jurisdiction petitioner's claim that was not exhausted before BIA); *Moreira*, 509 F.3d at 712 (judicial review of a final order of removal is available only if the alien has exhausted all administrative remedies). An immigration judge ordered Perry removed on October 4, 2019, and review in the BIA is not yet complete. Perry's double jeopardy claim and other claims challenging his removal proceedings may be heard by the BIA in his pending appeal.

Perry also challenges his detention under *Zadvydas*, 533 U.S. at 688, claiming that he has been improperly detained for more than six months. However, in *Zadvydas*, the petitioner was detained under 8 U.S.C. § 1231, which applies to aliens subject to a final removal order. *See Zadvydas*, 533 U.S. at 701 (post-removal detention under § 1231 is presumptively unreasonable after six months, after which time an alien may present

evidence that "there is no significant likelihood of removal in the reasonably foreseeable future"); *Sanni-Shittu v. Lynch*, 623 F. App'x 279 (5th Cir. 2015). *Zadvydas* does not apply to Perry's case in its current posture because the BIA has not yet entered a final order of removal and he is not a detainee under § 1231.

Under the REAL ID Act, the Court has no authority to consider Perry's proposed habeas claims regarding his removal proceedings, including Perry's claims regarding due process violations, double jeopardy, and the limitations period for the conviction forming the basis for his order of removal. His claims therefore will be **dismissed** without prejudice for lack of jurisdiction.

### B. Medical Treatment

Perry's petition also claims that he was denied adequate medical treatment while in ICE detention (Dkt. 5, at 11-12). A claim that a federal official committed constitutional violations may be brought as a civil action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014). However, when a petition combines habeas claims with claims that are properly pursued as civil rights claims, and the claims can be separated, "federal courts should do so, entertaining the [civil rights] claims." *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). In this case, Perry fails to state a valid claim for relief.

An immigration detainee's claims regarding medical care are analyzed under the Fifth Amendment, and are subject to the same "deliberate indifference" standard as an

Eighth Amendment claim. *Doe*, 751 F.3d at 387-88; *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000). A detainee must show that the defendant was aware of facts from which the inference could be drawn of a substantial risk of serious harm; that the defendant subjectively drew the inference that the risk existed; and that the defendant disregarded the risk. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019); *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015). A significant risk that the official "should have perceived but did not" is insufficient for a constitutional violation, *Cleveland*, 938 F.3d at 676, and poor professional judgment or medical malpractice also do not rise to the level of "deliberate indifference." *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). Moreover, a delay in medical care can constitute a constitutional violation "only if there has been deliberate indifference that results in substantial harm." *Easter*, 467 F.3d at 463 (internal citation and quotation marks omitted).

Perry alleges that he was denied adequate care for his injuries from a motor vehicle accident because Dr. Hemsley refused to arrange a humanitarian release so that Perry could seek medical treatment in Albany. Perry's disagreement with Dr. Hemsley's medical decision does not state a constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (a plaintiff's mere disagreement with a particular medical treatment provided does not state a claim under the Eighth Amendment). Moreover, the records

Perry submits demonstrate that he received frequent medical care during his detention at the Bergen County Jail. *See Brauner v. Coody*, 793 F.3d 493, 499 (5th Cir. 2015) (deliberate indifference is not shown when "medical records indicate that the plaintiff was afforded extensive medical care by prison officials," even when the plaintiff alleges that doctors "refus[ed] to accommodate his requests in the manner he desired") (internal citation, quotation marks, and alteration omitted).

Regarding Perry's heart attack in January 2019, Perry appears to allege that providers did not properly diagnose his medical issues in December 2018, when he complained of breathing problems but was diagnosed only with asthma. However, even if Perry could show that he was misdiagnosed or that the providers committed medical malpractice, such a showing would not suffice to establish a constitutional violation. *See Cleveland*, 938 F.3d at 676; *Hinojosa*, 807 F.3d at 665. Again, the medical records submitted by Perry show regular medical care during the relevant period.

Having carefully considered Perry's pleadings and the documents he attaches, and viewing all facts in the light most favorable to Perry, he alleges no facts that could support a finding of deliberate indifference. *See Harrington*, 563 F.3d at 147; *Lone Star Fund*, 594 F.3d at 387. Perry fails to state a due process claim for denial of adequate medical care. His claim will be dismissed with prejudice because amendment would be futile.

### C. Other Motions

Perry also has filed a motion for immediate release (Dkt. 12), presenting facts regarding his advanced age, two businesses he owns, and medical issues. This motion

will be **denied as moot** because, as stated above, the Court lacks subject matter jurisdiction over his challenge to his detention.

Perry's motion to dismiss Respondent's answer (Dkt. 26) also will be **denied**. Perry repeatedly argues in his filings that Respondent's dispositive motion is fraudulent and fails to comply with the Court's order to answer. *See, e.g.*, Dkt. 26, Dkt. 30, Dkt 32. However, Respondent complied with Federal Rule of Civil Procedure 12(b), which permits a motion to dismiss before an answer in certain circumstances.

## IV. CONCLUSION

For the reasons stated above, the Court now **ORDERS** as follows:

1. Respondent William Barr's motion to dismiss or, alternatively, for summary judgment (Dkt. 14) is **GRANTED**. Petitioner's habeas claims challenging the removal proceedings against him are **DISMISSED** for lack of subject matter jurisdiction. Perry's claims regarding denial of adequate medical care are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.
2. Petitioner's motion for immediate release (Dkt. 12) is **DENIED**.
3. Petitioner's motion to dismiss Respondent's answer (Dkt. 26) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED this day 22nd day of November, 2019.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge